UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.4:22CR062 HEA |
| | ) |
| HUSSIEN KHALAF, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW HIS PLEA OF GUILTY**

Comes now the United States of America, by and through its Attorneys, Sayler Fleming, United States Attorney for the Eastern District of Missouri, and Colleen C. Lang, Assistant United States Attorney for said District, and responds to the defendant's motion to withdraw his plea, Doc. #111.

On April 17, 2023, the defendant filed a supplemental motion to withdraw his plea, as well as, his earlier pro se motion to withdraw his guilty plea. The defendant claims that his counsel was ineffective, and therefore, his plea should be withdrawn. Doc. #111 at 5.

The defendant cannot withdraw his guilty plea. The defendant entered into a written guilty plea agreement with the government, in which the government amended his charges to Blackmail (a misdemeanor), from Cyberstalking (a felony), in exchange for a plea to time served in prison. The defendant knowingly and voluntarily entered into a guilty plea on December 1, 2022 in open Court. Doc. #79, 80. The Court read the defendant all of his rights at the plea and asked him if he understood them, which the defendant stated he did under oath. Plea Tr. at 9-14. The Court completely complied with all of requirements of Rule 11 of the Federal Rules of

Criminal Procedure during the plea hearing. The District Court appropriately accepted the guilty plea and set the matter for sentencing.

In determining whether or not a defendant may be allowed to withdraw a plea of guilt, the defendant first must demonstrate a fair and just reason. *United States vs. Austin*, 413 F.3d 856 (8th Cir. 2005). The defendant bears this burden. "'[A] defendant has no absolute right to withdraw a guilty plea before sentencing,' and the decision to allow or deny the motion remains within the sound discretion of the trial court." *United States v. Prior,* 107 F.3d 654, 657 (8th Cir.1997) (citing *United States v. Boone,* 869 F.2d 1089, 1091 (8th Cir.), *cert. denied,* 493 U.S. 822, 110 S.Ct. 81, 107 L.Ed.2d 47 (1989)), *petition for cert. filed,* No. 96–8478 (U.S. Apr.3, 1997). "[A] defendant may not withdraw his plea [before he is sentenced] unless he shows a 'fair and just reason' under Rule 32(e) [of the Federal Rules of Criminal Procedure]." *United States v. Hyde,* 520U.S. 670, ——, 117 S.Ct. 1630, 1631, 137 L.Ed.2d 935 (1997). The defendant has the burden of proving such a justification. *United States v. Prior,* 107 F.3d at 657. In determining whether to set aside a plea of guilty, factors to consider are: (1) whether the defendant has demonstrated a fair and just reason; (2) whether the defendant has asserted his innocence; (3) the length of time between the guilty plea and the motion to withdraw; and (4) whether the government will be prejudiced. *Id."* *United States vs. Morales*, 120 F.3d 744, 747(8th Cir. 1997).

Ineffective assistance of counsel can serve as a fair and just reason for withdrawal if the defendant can demonstrate that his counsel's performance was deficient and that this deficiency prejudiced the defendant. *United States v. Lawhorn*, 735 F.3d 817, 820 (8th Cir. 2013). "To show deficient performance, a defendant must establish that his counsel's performance fell below objective standards of reasonableness. *United States v. Cruz,* 643 F.3d 639, 642 (8th

2

Cir.2011) (citing *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To show prejudice, a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' *McMullen,* 86 F.3d at 137 (quoting *Lockhart,* 474 U.S. at 59, 106 S.Ct. 366)." *Id.*

In his motions, the defendant, has not shown a fair and just reason to withdraw his guilty plea. The defendant cites that his counsel, Mr. Chris Lozano, was ineffective, but does not articulate how he was prejudiced. He fails to give a concrete and fact-specific reason showing there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The plea transcript shows that the plea was knowingly and voluntarily entered into by the defendant. Plea. Tr. at 23-24. Further, there was a motion hearing two months before the plea about Mr. Lozano's representation of the defendant on October 13, 2022. At that hearing, the District Court directly asked the defendant if he wanted to keep Mr. Lozano or get a new attorney. Motion Hr. Tr. at 9. The defendant stated he would keep Mr. Lozano and the matter was set for trial. At the end of the hearing, there was discussion on the record about the defendant's immigration status and the possibility it could be affected by conviction in the case. Motion Hr. Tr. at 10-11. The defendant stated he understood he should consult an immigration attorney about the possibility of being deported. *Id.*

On December 1, 2022, the defendant entered a plea of guilt to the lesser charge of Blackmail, 18 U.S.C. 873, in a superseding information. During the change of plea hearing the District Court asked the defendant at length numerous questions regarding his attorney's representation of him and if he was satisfied with his attorney. The defendant answered that he was satisfied and made no complaints about his attorney during this questioning under oath. Plea

3

Tr. at 9-10.  The defendant knowingly and freely entered a plea of guilty to the charge after the prosecutor read the facts of the case into the record. Plea Tr. at 23-24.

In his supplemental motion to withdraw the plea, the defendant first argues that his counsel was not an immigration attorney, but he does not explain how that would have changed his entry of a guilty plea.  Doc. #111 at 5.  The defendant was told that deportation was a possibility since he was not a U.S. citizen. Not only was it discussed in open court at the October motion hearing, it was explained in the plea stipulation that the defendant signed, "[t]he guilty plea could impact defendant's immigration status or result in deportation." Plea Stipulation, Doc. #80 at 12.  The defendant was told by Mr. Lozano to seek out the advice of an immigration attorney.  Motion Hr. Tr. at 10-11.  The defendant has not explained how he was prejudiced by Mr. Lozano in this regard as he has failed to present any evidence that he is about to be deported as a result of this guilty plea.

Next the defendant argues that Mr. Lozano was ineffective because he did not review any forensic evidence in this matter. Doc. 111 at 9.  Again, the defendant does not provide any actual evidence of this allegation and not does explain how he is prejudiced by it.  The Government turned over to the defense over 300 pages of material including fifty FBI 302 reports detailing their investigation and FBI forensic reports detailing the FBI's review of the electronic devices relevant to the case. Also, the government provided approximately 100 screenshots showing the messages between the defendant and the victim.  Mr. Lozano had in his possession all of the relevant information and evidence in this case. The only forensics that were not turned over to the defense was an image of the victim's cell phone. The full extraction of the victim's cell phone was not provided because it contained the victim's personal information and photographs.

4

It was available for review. All the relevant information from that cell phone, namely the screenshots of the text messages that are the basis for the charge(s), had been turned over to the defense. The defendant does not allege that there is anything else on the victim's cell phone that would have changed his mind about pleading guilty. Thus, the defendant's second argument to withdraw his plea also fails.

In his pro se motion, the defendant mentioned that he was threatened with two more charges if he did not sign the plea deal. During the *Frye* hearing the Government explained that they would go to trial on the felony count of cyberstalking, not the misdemeanor Blackmail charge. Plea Tr. at 9-10. The Government had conveyed to Mr. Lozano that it intended to take the case back the Grand Jury and ask for another count of cyberstalking to be added in advance of trial. This was due to the text message evidence supporting a second charge. Both the Eighth Circuit and the Supreme Court have been clear that, where "[the] alleged threats are accurate statements of what the prosecutor might have done if [the defendant] had gone to trial," such statements are entirely permissible. *Nguyen v. United States*, 114 F.3d 699, 704 (8th Cir. 1997) (cleaned up) (citing *Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978)). "While confronting a defendant with the risk of more severe punishment clearly may have a discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices is an inevitable—and permissible—attribute of any legitimate system which tolerates and encourages the negotiation of pleas." *Id.* The record clearly refutes the defendant's accusations that the Government or his attorney coerced him into a guilty plea.

The defendant bears the burden to prove that his counsel performance was so deficient and that this deficiency prejudiced the defendant. *United States v. Lawhorn*, 735 F.3d 817, 820

5

(8th Cir. 2013). The defendant has not met that burden. Lastly, the defendant does not allege in his pro se motion nor through his new counsel that he is arguing "actual innocence," one factor for the District Court to consider.

In conclusion, the defendant freely, knowingly, and voluntarily entered into a guilty plea to the charge listed in the superseding information. Plea Tr. at 21-24. The defendant jointly agreed to a sentencing recommendation of time served. The defendant agreed to the facts laid out in the plea agreement on the record, under oath, at the plea. *Id.* The defendant agreed that he waived his right to a trial by pleading guilty. *Id.* The defendant also agreed to the following on the last two pages of the plea agreement, above his signature:

> After pleading guilty and before sentencing, if defendant commits any crimes, violates any conditions of release, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States will be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.
> Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be **no right to withdraw the plea** entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.
> Doc. #80 at 13 - 14.

The defendant agreed that he had no right to withdraw his guilty plea in the plea agreement. Based upon his assertions in his pro se motion to withdraw, the defendant is coming very close to breaching the plea agreement, if he has not already. The defendant's filings are inconsistent with his eligibility for the deduction of levels for acceptance of responsibly under USSG Section 3E1.1. At this point, the government would like to proceed forward at

6

sentencing, requests that the plea agreement be enforced, and recommends to the Court that the defendant be sentenced to time served.

                Respectfully submitted,

                SAYLER FLEMING
                United States Attorney

                *s/Colleen C. Lang*
                COLLEEN C. LANG, #56872MO
                Assistant United States Attorney
                111 South 10th Street, Rm. 20.333
                St. Louis, Missouri  63102
                314-539-2200

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 24, 2023, the foregoing was filed electronically with the Clerk of the Court and a copy was emailed to defense.

                *s/ Colleen C. Lang*
                COLLEEN C. LANG, #56872MO
                Assistant United States Attorney