IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22 CR 62 HEA |
| | ) | |
| HUSSEIN KHALAF, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR LOCATION MONITORING

NOW COMES Defendant, HUSSEIN KHALAF, through Assistant Federal Defender Mohammed Ahmed, opposing the Government's Motion For Location Monitoring. In support thereof, Mr. Khalaf states the following:

Mr. Khalaf has done nothing to warrant the imposition of a location monitoring requirement. He has not violated any order of the Court or terms of supervised release.

First, the Government has not cited an authority for this Court to impose such a condition at this stage of the case. Mr. Khalaf is not before the Court in any revocation proceedings. "District courts have discretion to impose special conditions of supervised release "so long as the conditions are reasonably related to the sentencing factors enumerated in 18 U.S.C. § 3553(a), involve no greater deprivation of liberty than is reasonably necessary, and are consistent with the Sentencing Commission's pertinent policy statements." *United States v. Wilkins*, 909 F.3d 915, 918 (8th Cir. 2018) quoting *United States v. Cooper*, 171 F.3d 582, 585 (8th Cir. 1999). But after the conditions are imposed there has to be a reason for a modification. There is none here.

Importantly, Mr. Khalaf has not demonstrated any inclination to leave this jurisdiction. Throughout the circumstances leading up to this case and afterwards, Mr. Khalaf has demonstrated that he does not wish to leave from the United States. It bears reminding that Mr. Khalaf <u>willingly returned</u> to the United States to pursue a Ph.D. degree knowing fully well that the authorities suspected him of criminal conduct. Before he left and came back to the United States, the FBI had twice interviewed him and taken certain of his personal belongings. If Mr. Khalaf was interested in fleeing, he would have never voluntarily returned. Moreover, Mr. Khalaf was on supervised presentencing release for roughly four months and did not receive a single violation. Thus, he has not demonstrated any propensity to not comply with the conditions of release as they currently stand or flee the jurisdiction of this Court. "Ideally, location monitoring should be considered as a sanction only after the court has been persuaded that it can mitigate a specific risk that may have led to noncompliant behavior." Trent Cornish, *The Many Purposes of Location Monitoring*, Fed. Probation, September 2010, at 12 available on Westlaw with citation 74-SEP Fed. Probation 12. Mr. Khalaf is actively searching for a university here to allow him to finish his PH. D degree. He has no intentions of fleeing.

Next, the victim in this case knows very well that Mr. Khalaf presents her no physical danger. Despite her statements in court at sentencing, E.M. met with Mr. Khalaf in July 2021 at a Kaldi's coffee shop, sat and drank coffee with him, and hugged him at the conclusion of their rendezvous. The entire meeting was watched and listened to by FBI agents. Mr. Khalaf was followed after the meeting and specifically found not to be following E.M. This information came from an FBI 302 provided in discovery. The Government's motion lacks any mention of a credible threat to E.M.'s safety.

In short, there is no legitimate purpose in ordering location monitoring here as the Presentence Report did not advocate for it or otherwise suggest it as necessary. The Government admits it is moving for this condition because it was not satisfied with Mr. Khalaf's lack of contrition and ill regard for the victim at allocution. That is not a reason to saddle someone with a condition when they haven't even been reprimanded for failing to abide by the existing conditions of release. An ankle monitor will do nothing in this case other than to make it more difficult for Mr. Khalaf to gain admission to another university and obtain better employment.

WHEREFORE, for the foregoing reasons, Mr. Khalaf opposes the imposition of a location monitoring condition modification to his existing conditions of release.

Dated: April 26, 2023							Respectfully submitted,

/s/Mohammed G. Ahmed
MOHAMMED G. AHMED
Assistant Federal Public Defender
Bar No. 6285612 IL
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Mohammed_Ahmed@fd.org
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Ms. Colleen C. Lang, Assistant United States Attorney.

/s/Mohammed G. Ahmed
MOHAMMED G. AHMED