UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22CR0062 (HEA) |
| HUSSEIN KADHIM ABOOD KHALAF, | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR LOCATION MONITORING

Comes now the United States of America, by and through its attorneys, Sayler Fleming, United States Attorney for the Eastern District of Missouri, and Colleen Lang, Assistant United States Attorney for said district, and files its reply to the defendant's opposition to the Government's motion to add location monitoring as a special condition to the defendant's supervised release.

The Government incorporates the facts and evidence laid out in its earlier motion, Doc. #119 and responds to the defendant's objections, Doc. #123.

The defendant objects to GPS location monitoring as a special condition because he claims the victim is not afraid of him because she met him in July of 2021. Doc. #123 at 2. The July 2021 meet was orchestrated by the FBI and they drove the victim to the location to meet with defendant. The victim was afraid of meeting the defendant that day, but she knew FBI special agents were close by monitoring the situation. The defendant also claims he is not a flight risk as he looking to attend another university in United States. However, the defendant at this time has no legal status in the United States as his student visa is no longer valid. He is not employed and

1

his family is in Iraq.

On Tuesday, April 25, 2023, during the sentencing hearing the defendant appeared very defiant in Court. His courtroom behavior and inappropriate comments to the victim made the victim in this matter even more afraid of the defendant. He pled guilty to blackmailing her. Further, at the sentencing hearing he denied doing anything wrong, and attempted to lay the blame on someone else. The Government believes that due to his illegal status and his unwillingness to take responsibility for his actions at the sentencing hearing after pleading guilty, that there is a reasonable risk defendant will not obey by the current supervised release conditions as they stand and location monitoring needs to be added special condition of his supervised release.

"A district court has broad discretion to impose special conditions of supervised release, so long as each condition complies with the requirements set forth in 18 U.S.C. § 3583(d)." *United States v. Springston*, 650 F.3d 1153, 1155 (8th Cir. 2011). "Under § 3583(d), a district court may impose special conditions of supervised release if the conditions are reasonably related to the sentencing factors set forth in § 3553(a), involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a), and are consistent with any pertinent policy statements issued by the Sentencing Commission." *U.S. v. Morais*, 670 F.3d 889, 895 (8th Cir. 2012).

A period of location monitoring will not be an undue burden on the defendant and will give the probation office notice if he attempts to make contact with the victim or leave the country.

Wherefore, the Government respectfully requests for the Court to order location monitoring (in particular a GPS ankle bracelet) to the defendant's conditions of supervised release.

Respectfully submitted,

SAYLER FLEMING
United States Attorney

*s/ Colleen C. Lang*
COLLEEN C. LANG, #56872MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, MO 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*s/ Colleen C. Lang*
COLLEEN C. LANG, #56872MO
Assistant United States Attorney